IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                      OPINION AND ORDER

          Plaintiff,

                      18-cv-928-bbc

    v.

J. HENDRICKSON, S. CUMMINGS,
J. VANLANEN and CHRIS HEIL,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Michael Scott is incarcerated at the Green Bay Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that prison staff on the Program Review Committee at the Green Bay institution violated his constitutional rights by refusing to transfer to him to a prison where he could obtain better dental care. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. He has requested leave to proceed without prepayment of the filing fee, but as he acknowledges in his complaint, he has "struck out" under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. <u>Scott v. Aurora</u>

1

Sinai, 09-C-745 (E.D. Wis. Sept. 23, 2009); Scott v. McCabe, 10-cv-138- bbc (W.D. Wis. Apr. 26, 2010); Scott v. Columbia Correctional Institution, 11-cv-384-bbc (W.D. Wis. July 7, 2011). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's pleadings, I conclude that plaintiff may not proceed with this proposed civil action because it is duplicative of his ongoing lawsuit against defendant J. Perttu regarding denial of adequate dental care. Scott v. Perttu, 18-cv-68-bbc. In particular, plaintiff's allegations in this case concern denial of care for an untreated cavity, which are the same allegations plaintiff included in his other case.

The primary difference between the two cases is that in his new case, plaintiff is suing defendants who denied his request to be moved to a different prison where he could receive dental care. If plaintiff wants to add defendants or new requests for relief arising from his dental care claim, he must file a motion in his ongoing case for permission to amend his complaint add claims against additional defendants. It would create unnecessary confusion to permit plaintiff to proceed in two separate cases on his claims regarding denial of dental care for his untreated cavity. Therefore, plaintiff may not proceed further with this case.

ORDER

IT IS ORDERED that this case is DISMISSED as duplicative of plaintiff Michael Scott's ongoing case, 18-cv-68-bbc. The clerk of court is directed to close this case.

Entered this 2d day of January, 2019.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge